In the matter of the dissolution of the NEW JERSEY RE-FRIGERATING COMPANY (Commercial Trust Company of New Jersey, trustee), petitioner-appellant.

[Argued November 4th, 1925. Decided February 1st, 1926.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Church.

*Messrs Fisk & Fisk,* for the petitioner-appellant.

*Mr. J. Henry Harrison,* for the respondents Frank J. Bock and Edward H. Wright, receivers of New Jersey Refrigerating Company.

*Mr. Merritt Lane,* for the respondent Gustav W. Lembeck.

PER CURIAM.

This is an appeal from an order of the court of chancery, dated February 24th, 1925. On May 1st, 1912, the Lembeck & Betts Eagle Brewing Company made an issue of corporate bonds in the amount of $500,000, payable in twenty years from date. These bonds were secured by a mortgage upon the real estate, plant, fixtures, machinery and equipment

of the obligor. The trustee under the mortgage was the Commercial Trust Company of New Jersey. The mortgage contained a sinking fund provision. The trustee holds $168,000 par value of the bonds in the sinking fund. There are outstanding bonds to the amount of $332,000. After the enactment of the prohibition amendment to the federal constitution the brewing company changed its name to the New Jersey Refrigerating Company and engaged in the cold storage business. Dissension among the stockholders arose. The refrigerating company was dissolved. Dissension then arose among the trustees who were liquidating the business. Due to this dissension, receivers were appointed by the court of chancery in June, 1923. The company was solvent at the time of its dissolution. Creditors, by an order of the court of chancery made on April 19th, 1924, were directed to file their claims with the receivers. The trustee under the above-mentioned mortgage filed, on behalf of itself and the bondholders, a claim for payment of the outstanding bonds, with interest to May 1st, 1932. On August 4th, 1924, the receivers disputed the claim of the trustee except for the purpose of proving its claim for the payment of any deficiency after exhaustion of the mortgage security. This notice was given in pursuance of chapter 225 of the laws of 1921. *P. L. 1921 p. 724.* This law provides that within sixty days of the giving of the notice the claimant shall bring suit or be forever barred. The trustee took no action until December 16th, 1924, when it filed the petition in this proceeding praying that its claim for the full face value of the bonds with interest to May 1st, 1932, be established, the receivers ordered to accept the same, and that in connection with the assets in the hands of the receivers the court make such order as would assure the discharge of the personal liability of the obligor of the bonds.

The receivers filed an answer to this petition, from which it appears that on the return of an order made on August 2d, 1924, requiring the stockholders and the Commercial Trust Company of New Jersey, as trustee, to show cause why the receivers should not be directed to consummate the sale of

the real estate to a purchaser at private sale, the trustee appeared. The court decided that the property should be sold at auction. An order was made directing the receivers to sell the property either for cash, or in their discretion subject to the mortgage. To this order the Commercial Trust Company, as trustee, through its solicitors, consented. The property was sold subject to the mortgage. The sale was confirmed by the court of chancery upon due notice to the trustee. The property was acquired by the National Cold Storage Company, which assumed the mortgage and agreed to carry out the provisions thereof. The National Cold Storage Company has a paid up capital of $1,000,000 and a large surplus. These facts are not denied by the trustee.

Upon the petition of the trustee filed December 16th, 1924, an order to show cause was made. Testimony was taken. The order of February 24th, 1925, which is the order appealed from, was made as the result of the hearing. This order declared that the mortgage security and the assumption of the payment of the bonds by the National Cold Storage Company afforded reasonable and adequate security to the trustee and bondholders without the segregation of assets in the receiver's hands to meet any contingent liability of the New Jersey Refrigerating Company.

There was no opinion filed below so we have not the benefit of the vice-chancellor's grounds for the making of the order. Our examination of the pleadings and testimony satisfy us, however, that the order should be affirmed. We deem it unnecessary to discuss all the points argued in the briefs.

The reasons which control us in our opinion that the order should be affirmed are two. The first is that the petitioner (the trustee under the mortgage) had cast upon it the burden of showing the mortgage security and the assumption by the National Cold Storage of the provisions of the mortgage to be insufficient security. This burden the trustee wholly failed to discharge. The second reason is that the trustee was fully apprised of the proposed sale of the property, subject to the mortgage, if the receivers in the exercise of their discretion

thought best to sell subject to the mortgage. The trustee appeared in court at the time the sale was being considered. It not only offered no objection to the sale, but actually consented to the order of sale. By this conduct we think the trustee estopped from asking the relief prayed for in its petition.

The order is accordingly affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.   14.

*For reversal*—None.